John J. Walsh, J.
Defendant was found guilty of violating section 1275 of the Penal Law after a jury trial.
The information filed against the defendant alleged that he failed and omitted to file a report “ although furnished with forms and instructions for that purpose ” under the New York State Unemployment Insurance Law pursuant to subdivision b of regulation 22 (N. Y. Off. Comp, of Codes, Bules & Begulations [7th Supp.], p. 464) promulgated by the Industrial Commissioner, for the third and fourth quarters of 1957 and the year 1958.
There is little doubt that defendant has made the payments and penalties provided for delinquent reports. The sole question upon this appeal is whether the defendant, holder of an alcoholic beverage control license, was properly convicted of a crime, a misdemeanor under section 1275 of the Penal Law.
Although the People on this appeal concede that there was a failure of proof in the People’s case, the conviction ought not to be reversed without an explanation of the reason therefor. Section 1275 of the Penal Law provides: “ Any person who violates or does not comply with any provision of the labor law, any provision of the industrial code, any rule, regulation, or lawful order of the department of labor, industrial commissioner or industrial board, * * * is guilty of a misdemeanor. ’ ’
The regulation claimed to have been violated is subdivision b of regulation 22 which insofar as it is necessary to be referred to on this appeal reads as follows: “ Employers liable for contributions under .the Unemployment Insurance Law shall report contributions due on forms furnished for this purpose by the *965 Division of Placement and Unemployment and in accordance with instructions printed thereon.”
The prosecution failed to present any proof that forms were furnished to the defendant. Since this was an essential element of the crime charged, the motion made at the conclusion of the People’s case should have been granted.
The prosecution presented the evidence of a witness who was the principal payroll examiner of the Department of Labor whose testimony consisted only of general procedure that was used by the State Labor Department in all cases of this type. He admitted that he did not actually work on this particular case and further that the witness did not and' could not testify that that procedure and process was followed in this particular case.
The learned City Judge properly held that such testimony was not binding upon the defendant and instructed the jury to ‘ ‘ disregard all of that evidence. ’ ’
The only other witness in the prosecution’s case was an investigator of complaints for the State Labor Department and that he simply reviewed the file in this matter when he received it from New York City prior to making the information. He admitted on direct examination:
“ Q. And so based upon your review of the file, you signed the information we have here? A. That is correct.
“ Q. You didn’t actually talk to Mr. Tardugno or anyone else? A. I did not.
“ Q. You actually signed the information based upon your investigation of the file? A. That is correct.”
Since this constituted the entire testimony on behalf of the People, it is evident that the People failed to make out a prima facie case much less meeting the requirement of proving its case beyond a reasonable doubt.
That the learned City Judge was not satisfied with the quantity and quality of the proof submitted is demonstrated by the fact that he reserved decision on the motion of the defendant to dismiss the information.
Perhaps the City Judge was induced to deny the motion after defendant’s witness, Frank Tardugno testified that the delinquent report for the third quarter was dated November 21, 1957 and for the fourth quarter of 1957 and the first and second quarters of 1958 was dated August 1, 1958 and for the third and fourth quarters of 1958 was dated April 21, 1959.
However, neither examiners Cacozza, Rickman nor Jugiello was called as a witness although the record disclosed that Mr. Cacozza, although no longer with the unemployment insur *966 anee office, was employed at the Griffiss Air Force Base in Borne; that Mr. Bichman was somewhere in the Midwest and Mr. Jugiello was in the hospital.
While defendant may well have been negligent and careless in the manner in which he carried out his obligations to the State, he cannot be convicted of a criminal charge which might affect his right to hold an alcoholic beverage license upon inference or presumption of guilt.
There is no proof in the record that defendant was “furnished with forms and instructions for that purpose In the absence of such proof he cannot be convicted of violating section 1275 of the Penal Law.
The judgment of conviction is reversed; the information is dismissed and the fine of $25 remitted.